NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA MEISEMA YABAKIVITU TABULAWAKI; METUISELA MASI,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-70227<br><br>Agency Nos. A098-146-024<br>A078-169-502<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 20, 2011[**]

Before:     RYMER, THOMAS, and PAEZ, Circuit Judges.

Maria Meisema Yabakivitu Tabulawaki and Metuisela Masi, natives and

citizens of Fiji, petition for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

application for asylum, withholding of removal, and protection under the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003), and review de novo claims of due process violations, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

The evidence does not compel the conclusion that Tabulawaki established changed or extraordinary circumstances to excuse her untimely asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam). Accordingly, Tabulawaki's asylum claim fails.

Substantial evidence supports the agency's conclusion that Tabulawaki's experiences in Fiji, including harassment and threats, did not rise to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000). Substantial evidence also supports the agency's finding that Tabulawaki failed to demonstrate a clear probability of future persecution. *See Faruk v. Ashcroft*, 378 F.3d 940, 944 (9th Cir. 2004). Accordingly, Tabulawaki's withholding of removal claim fails.

In addition, substantial evidence supports the agency's denial of CAT relief because Tabulawaki failed to establish it is more likely than not she would be tortured if returned to Fiji. *See El Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004).

08-70227

Contrary to Tabulawaki's contention that she was denied due process because of a faulty transcript, the proceedings were not "so fundamentally unfair that [she was] prevented from reasonably presenting [her] case." *Colmenar*, 210 F.3d at 971 (citation omitted). Moreover, Tabulawaki failed to demonstrate that re-transcribing would have affected the outcome of the proceedings. *See id.* at 971-72 (requiring prejudice to prevail on a due process challenge).

Finally, contrary to Tabulawaki's contention that her husband was prevented from testifying and presenting a separate asylum claim, the record shows that Tabulawaki's husband was given this opportunity, and affirmatively declined. *See id.*

**PETITION FOR REVIEW DENIED.**